```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | |
|---|---|
| TOTAL PETROCHEMICALS USA, § | |
| INC., § | |
| § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-07-1574 |
| § | |
| PCL PACKAGING, INC., § | |
| § | |
|     Defendant. § | |

MEMORANDUM AND ORDER

Pending is Defendant PCL Packaging, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (Document No. 3). After carefully considering the motion, response, and the applicable law, the Court concludes that the motion should be denied.

I.  Background

This is a contract dispute. Plaintiff Total Petrochemicals USA, Inc. ("Plaintiff"), a Delaware corporation with its principal place of business in Houston, and PCL Packaging, Inc. ("Defendant"), a Delaware corporation with its principal place of business in Ontario, Canada, entered into an contract in which Defendant agreed to purchase resin from Plaintiff. Document No. 1 ex. 4 at 1. The contract includes a forum selection clause stating that "[t]he parties agree to the jurisdiction and venue of the state and federal courts located in Houston, Texas." Document No. 8 ex. A at 5. Plaintiff filed suit in state court, alleging that

Defendant breached the contract by failing to pay the amount due under the agreement, and Defendant removed on the basis of diversity jurisdiction. Defendant now moves to dismiss, contending that it lacks sufficient contacts with the forum state to confer personal jurisdiction. Document No. 3.

## II.  Standard of Review

A federal court may exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction comports with due process under the United States Constitution. *See* Electrosource, Inc. v. Horizon Battery Techs., Ltd., 176 F.3d 867, 871 (5th Cir. 1999). Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the sole inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements. Id.

This due process inquiry focuses upon whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 66 S. Ct. 154, 158 (1945). Two types of personal jurisdiction are recognized: (1) specific; and (2) general. Specific jurisdiction exists when the cause of action relates to or arises out of the

defendant's contacts with the forum.  See Helicopteros Nacionales de Columbia, S.A. v. Hall, 104 S. Ct. 1868, 1872 n.8 (1984). Alternatively, general jurisdiction may be exercised over a defendant who has systematic and continuous contacts with the forum.  See Id. at 1872-73.

When an evidentiary hearing on the question of personal jurisdiction is not conducted, the party seeking to establish jurisdiction bears the burden of presenting a prima facie case of personal jurisdiction.  See Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000); Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 211 (5th Cir. 1999).  Proof by a preponderance of the evidence is not required.  Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 854 (5th Cir. 2000).  A plaintiff may present a prima facie case by producing admissible evidence which, if believed, would suffice to establish the existence of personal jurisdiction.  See WNS, Inc. v. Farrow, 884 F.2d 200, 203-04 (5th Cir. 1989).  Uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits and other documentation must be construed in the plaintiff's favor.  See Alpine View, 205 F.3d at 215.

### III.  Discussion

Defendant contends that personal jurisdiction is lacking because: (1) Defendant has not maintained continuous and systematic

contacts with Texas such as would confer general jurisdiction; (2) Defendant never purposefully availed itself to the benefits and protections of Texas by seeking Plaintiff's business in Texas, and hence, the Court does not have specific jurisdiction over Defendant; and (3) given its "extremely attenuated connections with Texas," jurisdiction would be offensive to traditional notions of fair play and substantial justice.  Document No. 3 at 3-4, 6, 7.  However, Defendant overlooks the legal significance of a forum selection clause in its contract with Plaintiff that states, "[t]he parties agree to the jurisdiction and venue of the state and federal courts located in Houston, Texas."  Document No. 8 ex. B.

A party who signs a contract with a forum selection clause has either consented to personal jurisdiction or waived the requirements for personal jurisdiction in that forum.  *See* Burger King Corp. v. Rudzewicz, 105 S. Ct. 2174, 2182 n.14 (1985); *see also* Kevlin Servs., Inc. v. Lexington State Bank, 46 F.3d 13, 15 (5th Cir. 1995)(reversing the trial court's dismissal for lack of personal jurisdiction when the choice of forum was prescribed by contract).  "Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process."  Burger King, 105 S. Ct. at 2182 n.14 (quoting M/S Bremen v. Zapata Off-Shore Co., 92 S. Ct. 1907, 1916 (1972).

Forum-selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."  Bremen, 92 S. Ct. at 1913 (internal quotation marks and citations omitted).  "Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the [resisting party] of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state."  Haynsworth v. The Corporation, 121 F.3d 956, 963 (5th Cir. 1997).  "The party resisting enforcement [of the forum selection clause] on these grounds bears a 'heavy burden of proof.'"  Id. (quoting Bremen, 92 S. Ct. at 1917); *accord* Mitsui & Co. (USA), Inc. v. MIRA M/V, 111 F.3d 33, 35 (5th Cir. 1998)("The burden of proving unreasonableness is a heavy one, carried only by a showing that *the clause* results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the [resisting party] of his day in court.") (emphasis added).

In light of the uncontroverted evidence showing that Defendant entered into an agreement prescribing this forum, and thereby

5

consented to the jurisdiction of this Court, Defendant's arguments against the existence of personal jurisdiction are inapposite. Nor has Defendant alleged or demonstrated that the forum selection clause was the product of fraud or overreaching, that litigating in Texas would be gravely inconvenient, that the chosen law would deprive him of a remedy, or that enforcement of the provision would contravene public policy, such as is necessary to overcome the strong presumption favoring enforcement of the clause. Accordingly, the forum selection clause is enforceable, the Court has personal jurisdiction over Defendant, and Defendant's motion to dismiss is denied.

IV.  Order

Accordingly, it is hereby

ORDERED that Defendant PCL Packaging, Inc.'s Motion to Dismiss (Document No. 3) is DENIED.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas, on this 7th day of August, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE